UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZHEJIANG AMERISUN TECHNOLOGY CO., LTD<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Court No. 23-00011 |

# COMPLAINT

Plaintiff, Zhejiang Amerisun Technology CO., LTD ("Zhejiang Amerisun"), by and through its attorneys, Fox Rothschild LLP, alleges and states as follows:

## THE ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Zhejiang Amerisun contests the final scope ruling by the International Trade Administration of the United States Department of Commerce ("Commerce") issued on December 22, 2022, concerning the antidumping duty order on certain vertical shaft engines between 99cc and up to 225cc and parts thereof from the People's Republic of China ("PRC") (A-570-124; C-570-125). *See* Mem. From Paul Gill, International Trade Compliance Analyst, Office 9, to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *Certain Vertical Shaft Engines Between 99cc and Up To 225cc, and Parts Thereof, from the*

*People's Republic of China*: *Scope Ruling on Modified Vertical Shaft Engines* (December 22, 2022) ("*Final Scope Ruling*").

2.  Commerce notified all interested parties of the *Final Scope Ruling* by certified mail on January 10, 2023. The underlying determination has been published in the Federal Register on February 3, 2023. *See Notice of Scope Rulings*, 88 Fed. Reg. 7402 (Feb. 3, 2023).

## JURISDICTION

3.  Zhejiang Amerisun brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and § 1516a(a)(2)(B)(vi) to contest the aforesaid final results. This Court has sole jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

4.  Zhejiang Amerisun, a Chinese exporter of the merchandise subject to the contested scope ruling concerning certain vertical shaft engines, is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516(a)(f)(3). As an interested party that actively participated in the underlying administrative proceeding, Zhejiang Amerisun has standing to bring this action pursuant to 28 U.S.C. § 2631(c), 28 U.S.C. § 1581(c), and 19 U.S.C. § 1516a(a)(2)(B)(vi).

## TIMELINESS

5.  This action is timely as this Complaint is being filed within 30 days of the filing of the Summons that initiated this case, *see* Rule 3(a)(2) of the Rules of the U.S. Court of International Trade and 28 U.S. § 2636 (c).

## STANDARD OF REVIEW

6. This Court reviews final scope rulings issued by Commerce pursuant to 28 U.S.C. § 1581(c) to determine whether they are "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STATEMENT OF FACTS

7. On May 4, 2021, Commerce published the *Antidumping and Countervailing duty Orders*. *See Certain Vertical Shaft Engines Between 99cc and Up To 225cc, and Parts Thereof from the People's Republic of China: Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. 23675 ("*Orders*"). Those *Orders* cover merchandise that consisted of spark-ignited, non-road, vertical shaft engines, whether finished or unfinished, whether assembled or unassembled, whether mounted or unmounted, primarily for, but not limited to, walk-behind lawnmowers. *Id*. at Appendix I. Further, the *Order* stated that the subject engines are spark ignition, single-cylinder, air cooled, internal combustion engines with vertical power take off shafts with a minimum displacement of 99 cubic centimeters (cc) and a maximum displacement of up to, but not including, 225cc, and which typically generate gross power between 1.95 kilowatts (kw) to 4.75 kw. *Id*. Importantly, the *Orders* state that if a subject engine is imported mounted on such equipment as a lawnmower or pressure washer, only the engine is covered by the scope, whether or not they are accompanied by other parts. *Id*.

8. On August 8, 2022, Briggs & Stratton, LLC ("Petitioner") filed a scope ruling application requesting that Commerce determine whether modified vertical shaft engines are covered by the scope of the *Orders*. *See* Letter from King & Spaulding LLP, to the Sec'y of Commerce, *Certain Vertical Shaft Engines Between 99cc and 225cc, and Parts Thereof from*

3

*China / Request for Scope Ruling Regarding Certain Modified Vertical Shaft Engines* (August 8, 2022). On August 26, 2022, Commerce accepted Petitioner's scope ruling application, initiated the scope inquiry, and requested additional comments from interested parties regarding the factual information contained in the scope ruling application. *See* Mem. From Paul Gill, International Trade Compliance Analyst, Office 9, to the File, *Initiation Memo: Modified Vertical Shaft Engines*.

9. Zhejiang Amerisun then submitted comments to rebut the claims made by Petitioner's scope ruling request on September 26, 2022. *See* Letter from Commerce & Finance Law Offices to the Sec'y of Commerce, *Certain Vertical Shaft Engines Between 99cc and 225cc, and Parts Thereof from China: Comments on Scope Ruling Application Regarding Certain Modified Vertical Shaft Engines* (*"Comments"*) (September 26, 2022). In its submission, Zhejiang Amerisun argued that there are no modified vertical shaft engines and that its merchandise, the R210-S engine, is a horizontal shaft engine. *Id*. Thereby, Zhejiang Amerisun contested that the R210-S horizontal shaft engine fell into the clear language of the scope under C.F.R. § 351.225(k)(1) since the *Orders* applied specifically to vertical shaft engines. *Id*. On October 11, 2022, Petitioner responded to Zhejiang Amerisun's comments, arguing that the R210-S engine was modified to look and function like a vertical shaft engine. *See* Letter from King & Spaulding LLP to the Sec'y of Commerce, *Certain Vertical Shaft Engines Between 99cc and 225cc, and Parts Thereof from China / Petitioner's Response Comments* (October 11, 2022).

10. On December 22, 2022, Commerce issued its final determination on Petitioner's scope request, concluding that the R210-S engine is a modified vertical shaft engine and that it fell within the scope of the antidumping duty order. *See Final Scope Ruling.* Commerce found that the portion of the engine defined in the scope as having a vertical orientation is not the

crankshaft, but the power take off shaft. *Id*. Commerce concluded, based on the language of the petition and the United States International Trade Commission ("ITC") Report, that the modified vertical shaft engine has a "vertical" orientation through its vertical power take off shaft and followed the primary use outlined in the scope. *Id*.

## STATEMENT OF CLAIMS AND BASES FOR RELIEF

### COUNT 1

11.     Paragraphs 1-10 are incorporated by reference herein.

12.     19 C.F.R. § 351.225(k)(1) requires that the Secretary consider the language of the scope and may make its determination on that basis alone if the language of the scope, including the descriptions of merchandise expressly excluded from the scope, is dispositive. The scope clearly and explicitly applied the *Orders* to vertical shaft engines, with vertical power take off shafts. *See Orders* at Appendix I. The *Orders* make no mention of the existence of modified vertical shaft engines, nor did they indicate that the scope included engines with a horizontal power take off shaft. *Id*. The *Orders* also indicate that if the subject engines are imported mounted on outdoor power equipment, like a lawnmower, then only the engine is covered by the scope. *Id*.

13.     Commerce explained that the portion of the engine defined in the scope as having a vertical orientation is not the crankshaft, but rather the power take off shaft. *See Final Scope Ruling*. It further stated that the power take off shaft is the mechanism through which power is transmitted from the engine to an attached implement, such as a blade, and that it could be a secondary drive shaft which is a shaft connected via a gearbox to the crankshafts. *Id*.

14. Zhejiang Amerisun has shown that in the R210-S engine, the mechanism which provides power to the engine is a horizontal crankshaft that operates as a horizontal power take off shaft, rather than a vertical one. *See Amerisun's Comments*. Zhejiang Amerisun demonstrated that the horizontal power take off shaft generates the power, which turns a gear, and that gear turns a vertical transmission shaft connected by belt to another vertical drive shaft under the mower deck. *Id*. This gearbox and other subsequent parts are not a part of the engine but are attached to the lawn mower. *Id*. This power transmission system is used exclusively to transmit the power from the horizontal power take off shaft to turn the mowing blade and does not affect the essential and intrinsic characteristics of the horizontal shaft engine. *Id*.

15. Thus, the language of the scope was dispositive. Commerce's inclusion of the R210-S engine as within the scope of the *Orders* was unsupported by substantial evidence in the administrative record and was otherwise contrary to law. The R210-S engine, as a horizontal shaft engine, is excluded from the *Orders* due to the plain language of the scope under 19 C.F.R. § 351.225(k)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Hold that the Commerce's *Final Scope Ruling* is not in accordance with law and unsupported by record evidence with respect to the claims advanced by Zhejiang Amerisun in this Complaint; and

b) Remand the *Final Scope Ruling* to Commerce for disposition consistent with the Court's final opinion.

                                      Respectfully submitted,

                                      */s/Brittney R. Powell*
                                      Lizbeth R. Levinson
                                      Brittney R. Powell

                                      FOX ROTHSCHILD LLP
                                      2020 K Street, NW
                                      Suite 500
                                      Washington, DC  20006
                                      Tel: (202) 794-1183
                                      Email: rwisla@foxrothschild.com

February 21, 2023                    *Counsel for Zhejiang Amerisun Technology CO., LTD*

CERTIFICATE OF SERVICE

*Zhejiang Amerisun Technology Co., Ltd. v.* United States
**CIT Court No. 23-00011**

      I certify that on February 21, 2023, copies of the foregoing Complaint was served upon the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Civil Division, Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
Room 346
New York, New York 10278

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, NW
Washington, DC  20230

Stephen J. Orava, Esq.
King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006-4706

Alexander H. Schaefer, Esq.
Crowell Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595

                                            */s/ Brittney R. Powell*
                                            Brittney R. Powell