IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| ZHEJIANG AMERISUN TECH. CO., LTD, | |
| Plaintiff, | |
| v. | Court No. 23-00011 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| BRIGGS & STRATTON, LLC, | |
| Defendant-Intervenor. | |

**DEFENDANT'S COMMENTS SUPPORTING REMAND REDETERMINATION**

Defendant, the United States, respectfully submits these comments in response to the comments of plaintiff, Zhejiang Amerisun Technology Co. LTD (Zhejiang Amerisun) (ECF No. 40), supporting the final remand redetermination filed by the Department of Commerce (Commerce) in accordance with this Court's February 20, 2024 Remand Order and Opinion (Remand Order). For the reasons set forth below, we respectfully request that the Court sustain Commerce's remand redetermination and enter final judgment for the United States.

**BACKGROUND**

I.   **The Administrative Determination Under Review**

The administrative determination under review is Commerce's final scope ruling issued on December 22, 2022, concerning the antidumping duty (AD) and countervailing duty (CVD) orders on certain vertical shaft engines between 99cc and up to 225cc and parts thereof from the

People's Republic of China (China).  *See* Certain Vertical Shaft Engines Between 99cc and Up To 225cc, and Parts Thereof, from the People's Republic of China: Scope Ruling on Modified Vertical Shaft Engines (Dec. 22, 2022) (Final Scope Ruling) (P.R. 25); *see also Certain Vertical Shaft Engines Between 99cc and Up to 225cc, and Parts Thereof from the People's Republic of China: Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. 23,675 (May 4, 2021) (Orders).  In the Final Scope Ruling, Commerce found that certain engines, such as the modified R210-S engine manufactured by Chongqing Rato Technology Co., Ltd (Chongqing Rato), are covered by the scope of the AD and CVD orders.

## II.   The Court's February 20, 2024 Remand Order

In the Remand Order, the Court held that Commerce's interpretation of the language of the scope of the Orders was unsupported by substantial evidence and not in accordance with law and also dismissed as irrelevant and/or unreliable the evidence provided by the petitioner on which Commerce relied in the Final Scope Ruling in concluding that Chongqing Rato's R210-S engine is covered by the scope of the Orders.  *See Zhejiang Amerisun Technology Co., LTD v. United States*, Slip Op. 24-20, Court No. 23-00011 (Ct. Int'l Trade February 20, 2024) at 27.

## III.   Commerce's Remand Redetermination

On remand, in accordance with the Court's Remand Order, Commerce reconsidered the record evidence in accordance with the Court's remand order and found that certain engines, such as Chongqing Rato's R210-S engine at issue in Commerce's December 22, 2022 final scope ruling, are not covered by the scope of the Orders.  *See* Final Results of Redetermination (ECF 38) (Remand Redetermination).

**ARGUMENT**

I. **Standard Of Review**

In remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II. **The Court Should Sustain Commerce's Remand Redetermination**

In its comments on the remand, Zhejiang Amerisun requests that this Court sustain Commerce's remand redetermination. *See* Zhejiang Amerisun Comments at 2. No other party submitted comments on Commerce's remand redetermination.

On remand, Commerce complied with the Court's remand order and found that record evidence did not support finding certain engines, such as Chongqing Rato's R210-S engine, covered by the scope of the *Orders*. *See* Remand Redetermination at 6-7. Accordingly, this Court should sustain Commerce's remand redetermination.

Zhejiang Amerisun states that, while it agrees with Commerce's ultimate determination, it disagrees with Commerce's terminology used to describe the engines at issue in the inquiry. In particular, Zhejiang Amerisun argues that Commerce improperly referred to the inquiry merchandise as modified vertical shaft engines. *See* Zhejiang Amerisun Comments at 2. Commerce addressed these concerns in its remand redetermination and clarified that its use of language such as "modified vertical shaft engine" in certain areas was intended to ensure administrative consistency with the underlying scope inquiry and final scope ruling. *See* Remand Redetermination at 6. However, for purposes of the remand redetermination, Commerce considered the product at issue to be "certain engines," such as Chongqing Rato's

3

R210-S engine. *See id.* Regardless, Commerce's choice of terminology does not undermine its ultimate determination before the Court that the engines in question are outside the scope of the *Orders*, as Zhejiang Amerisun acknowledges.

Accordingly, as no party opposes Commerce's remand redetermination and as it is consistent with the Court's Remand Order, this Court should sustain the remand redetermination.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court sustain Commerce's Remand Results and enter judgment for the United States.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA McCARTHY<br>Director |
|  | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL:<br>JonZachary Forbes<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Kyle Beckrich<br>Kyle Beckrich<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0463<br>E-mail: Kyle.Beckrich@usdoj.gov |
| July 17, 2024 | *Attorneys for Defendant* |