Slip Op. 24-104

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZHEJIANG AMERISUN TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BRIGGS & STRATTON, LLC, <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 23-00011 |

# OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's final scope ruling that certain engines, such as Chongqing Rato's R210-S engines, are not included in the antidumping and countervailing duty orders on certain vertical shaft engines between 99cc and up to 225cc and parts thereof from the People's Republic of China.]

Dated: October 2, 2024

Brittney R. Powell, Lizbeth R. Levinson, Alexander D. Keyser, Fox Rothschild LLP, of Washington, D.C., for Plaintiff Zhejiang Amerisun Technology Co., Ltd.

Claudia Burke, Deputy Director, and Kyle S. Beckrich, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M.

McCarthy, Director. Of counsel on the brief was JonZachary Forbes, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Choe-Groves, Judge:  This action concerns the U.S. Department of Commerce's ("Commerce") final scope ruling that the R210-S engine manufactured by Chongqing Rato Technology Co., Ltd. ("Chongqing Rato") was originally included in the antidumping and countervailing duty orders on certain vertical shaft engines between 99cc and up to 225cc and parts thereof from China, later changed on remand.  Certain Vertical Shaft Engines Between 99cc and Up To 225cc, and Parts Thereof, from the People's Republic of China: Scope Ruling on Modified Vertical Shaft Engines (Dec. 22, 2022) ("Final Scope Ruling"), PR 25[1]; see Certain Vertical Shaft Engines Between 99cc and Up to 225cc, and Parts Thereof From the People's Republic of China, 86 Fed. Reg. 23,675 (May 4, 2021) (antidumping and countervailing duty orders) ("Orders").

Before the Court are Commerce's Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination"), ECF No. 38-1, which reversed Commerce's original scope ruling and determined on remand that the engine was out of scope.  Plaintiff Zhejiang Amerisun Technology, Co., Ltd. ("Plaintiff" or "Zhejiang Amerisun") and Defendant United States ("the Government" or

---

[1] Citations to the administrative record reflect the public record ("PR") document numbers filed in this case.  ECF No. 32.

"Defendant") filed their comments in support. Pl.'s Cmts. Commerce's Final Redetermination Pursuant to Remand Order ("Pl.'s Br."), ECF No. 40; Def.'s Cmts. Supp. Remand Redetermination ("Def.'s Br."), ECF No. 41. No comments in opposition were filed.

For the reasons discussed below, the Court sustains Commerce's Remand Redetermination.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case. See Zhejiang Amerisun Tech. Co. v. United States ("Zhejiang Amerisun I"), 48 CIT __, 687 F. Supp. 3d 1282 (2024).

In the Final Scope Ruling, Commerce determined that Chongqing Rato's R210-S engines were modified vertical shaft engines included in the scope of the Orders. See Final Scope Ruling. Commerce examined (k)(1) sources, including the Petition, the underlying ITC Report, and articles from Wikipedia and Pennsylvania State University, to support its determination that the modified vertical shaft engine had a vertical orientation through its vertical "power take off shaft" and followed the primary use outlined in the scope language. Final Scope Ruling at 8–9.

In Zhejiang Amerisun I, the Court concluded that Commerce's scope determination was neither supported by substantial evidence nor in accordance

with law because: (1) the scope language of the Orders neither specified that a gearbox connected to a shaft was part of the engine, nor included any language that reasonably suggested such a result, and Commerce unlawfully interpreted such silence to assume that the engine was within the scope of the Orders; (2) the Wikipedia articles that Commerce cited were not reliable or sufficient evidence for the definition of a "power take off shaft"; and (3) the Pennsylvania State University article on which Commerce relied did not provide sufficient evidentiary support for the scope determination. Zhejiang Amerisun I, 687 F. Supp. 3d at 1290–97.

In its Remand Redetermination, Commerce determined that certain engines, such as the Chongqing Rato's R210-S engine, are not covered by the scope of the Orders. Remand Redetermination at 2.

### JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to Section 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(vi), and 28 U.S.C. § 1581(c). The Court will hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

### DISCUSSION

Both Plaintiff and Defendant seek to sustain the Remand Redetermination,

but Plaintiff disagrees with "Commerce's mischaracterization of the R210-S engine as a 'modified vertical shaft engine.'" See Pl.'s Br. at 1–2; Def.'s Br. at 3–4.

Commerce in its Remand Redetermination determined that Chongqing Rato's R210-S engine was not covered by the scope of the Orders, but disagreed with the Court that:

> (1) the language of the scope must specify that a gearbox connected to a shaft is part of an engine in order for Commerce to find that such a configuration is an integrated part of a vertical shaft engine; and (2) Commerce may not rely on academic publications that speak to engine structure (such as the article from Penn[sylvania] State University on which Commerce relied in the Final Scope Ruling), even if such sources are not specific to lawn mowers, especially given that the products covered by the Orders are not limited to lawn mower engines.

Remand Redetermination at 5.

Commerce also stated that it would not change the characterization of Chongqing Rato's R210-S engine as a modified vertical shaft engine when referring to its prior determination in the Final Scope Ruling. Id. at 6. Commerce asserted that for the purposes of the Remand Redetermination, however, it referred to the product at issue as "certain engines such as Chongqing Rato's [R210-S]." Id. Plaintiff agrees with Commerce's new determination in the Remand Redetermination that Chongqing Rato's R210-S engine and similar engines were excluded from the scope of the Orders,

but contests Commerce's description of the Chongqing Rato R210-S engine as a "modified vertical shaft engine," or "an engine with a horizontal crankshaft connected to a right-angle gearbox, which redirects power from the horizontal crankshaft to a 'vertical power take off shaft that powers the blades of a lawnmower'" and that "the right-angle gearbox is part of the Chongqing Rato R210-S engine." Pl.'s Br. at 2.

Defendant asserts that Commerce's choice of terminology does not undermine its determination that the R210-S engine was outside the scope of the Orders. Def.'s Br. at 4. Defendant states that Commerce clarified that its use of language, such as "modified vertical shaft engine" in certain areas, was intended to ensure administrative consistency with the underlying scope inquiry and final scope ruling. Id. at 3.

The Court holds that Commerce complied with the Court's remand order in determining that Chongqing Rato's R210-S engine was not covered by the scope of the Orders.

## CONCLUSION

For the foregoing reasons, the Court sustains Commerce's Remand Redetermination as supported by substantial evidence and in accordance with law. Accordingly, it is hereby

**ORDERED** that the Remand Redetermination is sustained.

Judgment will be entered accordingly.

                                                            /s/ Jennifer Choe-Groves  
                                                        Jennifer Choe-Groves, Judge

Dated:   October 2, 2024  
          New York, New York